Filed 3/10/25  P. v. Swan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084614 |
| v. | (Super.Ct.No. RIF1803776) |
| MARCUS ANTHONY SWAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jennifer R. Gerard, Judge.  Affirmed.

Marcus Anthony Swan, in pro. per.; and James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

I.

INTRODUCTION

Defendant and appellant Marcus Anthony Swan appeals from a postjudgment order denying his motion for relief due to discrimination pursuant to Penal Code section 745, subdivision (a) (the Racial Justice Act) and motion for recall of his sentence under Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Stats. 2023, ch. 446). Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so. We have considered defendant's arguments and affirm the trial court's potsjudgment order. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)

II.

FACTUAL AND PROCEDURAL BACKGROUND[1]

For years, beginning when she was six or seven years old, defendant sexually molested and assaulted his stepdaughter, Jane Doe (Jane). When Jane was 16 years old, she became pregnant and gave birth to a boy. (*Swan I*, *supra*, E071972.)

---

[1] A summary of the factual background and part of the procedural background is taken from defendant's direct appeal following his convictions from case No. E071972. (*People v. Swan* (Sept. 15, 2020, E071972) [nonpub. opn.] (*Swan I*).)

2

By amended information, defendant was charged with one count of forcible lewd acts on a child under 14 years (Pen. Code,[2] § 288, subd. (b)(1), count 1), and three[3] counts of forcible rape (§ 261, subd. (a)(2), counts 2, 3, & 5).

On December 6, 2018, a jury convicted defendant of forcible lewd acts on a child and three counts of forcible rape.  The jury also found true the allegation that each of the rape charges involved a minor 14 years or older (§ 264, subd. (c)(2)) and that one of the rape charges involved great bodily injury (§ 667.61, subd. (l)).  (*Swan I*, *supra*, E071972.)

On January 7, 2019, the trial court sentenced defendant to life without the possibility of parole, plus 30 years in state prison.  (*Swan I*, *supra*, E071972.) Defendant's convictions and sentence were affirmed on direct appeal.  (*Swan I*, *supra*, E071972.)

On July 26, 2024, defendant in propria persona filed a motion for relief due to discrimination pursuant to section 745, subdivision (a) (the Racial Justice Act). Defendant checked the box stating:  "PC 745(a)(1) The judge, an attorney in the case, a law enforcement officer involved in the case, an expert witness, or juror exhibited biaASs [*sic*] or animus towards the defendant because of the defendant's race, ethnicity,

---

[2] All future statutory references are to the Penal Code.

[3] The amended information contained a total of four counts of rape; however, two of the counts (counts 4 & 5) related to a single incident that resulted in Jane's pregnancy. They were charged as alternative counts because it was unclear whether she conceived in San Bernardino County (count 4) or Riverside County (count 5).  (*Swan I*, *supra*, E071972.)

or national origin." He also checked the box noting: "PC 745(a)(4)(B) A longer or more severe sentence was imposed on the defendant than was imposed on other similarly situated individuals convicted of the same offense, and longer or more severe sentences were more frequently imposed for the same offense on defendants in cases with victims of one race, ethnicity, or national origin than in cases with victims of other races, ethnicities, or national origins, in the county where the sentence was imposed." Defendant requested discovery of all testimony of Dr. Jody Ward, a clinical psychologist, who testified about the Child Sexual Abuse Accommodation Syndrome (CSAAS), along with all prosecution evidence and evidence related to the violation of the Racial Justice Act. Defendant argued that he was entitled for resentencing pursuant to Assembly Bill No. 600, which amended section 1172.1.

On August 8, 2024, the trial court summarily denied the motion/petition for relief pursuant to section 745, subdivision (a), because it failed to state a prima facie factual case supporting the petitioner's release. In a written order, the court also denied defendant's motion for discovery and for recall of sentence and resentencing. In pertinent part, the court explained: "While defendant's motion ostensibly seeks relief under several statues, the substance of the motion is specific to Assembly Bill 600, which amended section 1172.1, and discovery pursuant to the Racial Justice Act. The court will address these two claims. [¶] Section 1172.1 expressly provides, 'A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond.' (§ 1172.1, subd. (c).) This court accordingly declines to consider defendant's request for

4

relief under this section. [¶] California's Racial Justice Act, codified in section 745, provides, 'The state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin.' (§ 745, subd. (a).) The court must hold a hearing if the defendant makes a prima facie showing that a violation occurred. (§ 745, subd. (c).) . . . . Defendant has failed to make a prima facie showing. [¶] The statute also provides a mechanism for discovery. (§ 745, subd. (d).) It is unclear whether section 745 creates a mechanism for post-conviction discovery unrelated to any existing claim for cases final on appeal. (See *People v. Picklesimer* (2010) 48 Ca1.4th 330, 337-338.) Defendant requests discovery in his motion for relief due [to] discrimination[.]"

The trial judge also stated: "Instead, Defendant addresses testimony in his case related to an expert and her lack of investigation to support her findings. He does request disclosure of relevant discovery to any potential violation . . . [of section] 745(a) but gives no facts as to any potential violation. Without *facts* to allege a violation, defendant does not 'make[] a plausible case, based on specific facts, that any of the four enumerated violations of section 745, subdivision (a) could or might have occurred[][.]' (*Young v. Superior Court of Solano County* (2022) 79 Cal.App.5th 138, 144). But, even if the section conferred jurisdiction to consider a freestanding discovery request under the statute, defendant has failed to make the requisite good cause showing for discovery or to make a plausible case or prima facie showing of a violation of the statute." Defendant timely appealed.

5

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background. Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues. Under *Anders v. California* (1967) 386 U.S. 738 (*Anders*), which requires "a brief referring to anything in the record that might arguably support the appeal," (*Anders*, *supra*, at p. 744) counsel raises the issues of whether the trial court erred in denying defendant's motion for relief due to discrimination pursuant to section 745, subdivision (a).

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. Defendant requests a "full review and investigation" of his case and appears to argue the facts of his case, including his arrest, and the representation he received during the underlying trial. He also asserts that Jane fabricated the entire incident, that she wanted revenge, that she was not in fear of him, that he was unaware his sons and wife would testify against him, and that his sentence is discriminatory.

Under *Delgadillo*, if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We are not required to conduct "an

6

independent review of the entire record to identify unraised issues" but may do so at our discretion. (*Ibid.* ["While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."]) Although *Delgadillo* involved a section 1172.6 petition, we find its reasoning applicable in this case from a denial of a motion/petition for relief due to discrimination under section 745, subdivision (a).

With the exception of the claim based on the Racial Justice Act, defendant's assertions challenging the original judgment and sentence on grounds unrelated to his eligibility for relief pursuant to section 745, subdivision (a) are not cognizable on appeal from an order denying relief under that statute. (See *People v. Senior* (1995) 33 Cal.App.4th 531, 535 ["California law prohibits a direct attack upon a conviction in a second appeal after a limited remand for resentencing."]; see also *People v. Deere* (1991) 53 Cal.3d 705, 713 [appellate claims regarding the guilt phase of trial could not be raised in a subsequent appeal following remand as to the penalty phase only where the judgment had been affirmed in all other respects in the original appeal]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error."].) Thus, defendant's claims related to his underlying trial are not cognizable in postjudgment proceedings, such as this one. Section 745 is not a vehicle for establishing trial error.

7

Effective January 1, 2021, the California Racial Justice Act of 2020 (Stats. 2020, ch. 317, § 1) added section 745 to the Penal Code.  That statute provides that "[t]he state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin."  (§ 745, subd. (a).)

A violation of the Racial Justice Act occurs if, among other things, the judge, a juror, an attorney, a law enforcement officer, or an expert witness in a case exhibited "bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin."  (§ 745, subd. (a)(1).)  A defendant may file a motion in the trial court, or, if judgment has been entered, a petition for writ of habeas corpus or a motion under section 1473.7 in a court of competent jurisdiction alleging a violation of section 745, subdivision (a).  (§ 745, subd. (b); § 1473, subd. (e); *People v. Lashon* (2024) 98 Cal.App.5th 804, 811-812.)

When originally enacted, section 745 applied only *prospectively* to cases (unlike this case) in which judgment had not been entered prior to January 1, 2021.  (§ 745, former subd. (j), added by Stats. 2020, ch. 317, § 3.5; *People v. Wilson* (2024) 16 Cal.5th 874, 946 (*Wilson*).)  The statute was amended to make relief available in all cases in which judgment is not final.  (§ 745, subd. (j)(1), as amended by Stats. 2022, ch. 739, § 2; *Wilson*, *supra*, at p. 946.)  Starting January 1, 2024, section 745 also now applies "to all cases in which, at the time of the filing of a [petition for writ of habeas corpus] raising a claim under this section, the petitioner is currently serving a sentence in the state prison . . . regardless of when the judgment or disposition became final."  (§ 745, subd. (j)(3), as amended by Stats. 2022, ch. 739, § 2.)  Effective January 1, 2024,

8

Assembly Bill No. 1118 (2023-2024 Reg. Sess.) (Stats. 2023, ch. 464) amended section 745 to allow a defendant to seek review of a Racial Justice Act claim on direct appeal from the conviction or sentence if the violation is based on the trial record. (§ 745, subd. (b); *Wilson*, *supra*, at p. 947.)

Here, the time to directly appeal defendant's 2019 sentence has long since passed. The present appeal does not involve either a petition for writ of habeas corpus or a section 1473.7 motion. Defendant did not assert a claim of racial bias during the proceedings below or state a prima facie case for relief; and his supplemental brief in this court contains no factual or legal analysis to support his challenge.

IV.

DISPOSITION

The trial court's postjudgment order denying defendant's section 745 motion for relief due to discrimination is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.

9